**Charles Don HURD, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Oct. 29, 1971.

Certiorari Denied by Supreme Court

Feb. 7, 1972.

Edwin B. Charles, Johnson City, for plaintiff in error.

David M. Pack, Atty. Gen., Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, Lewis W. May, Dist. Atty. Gen., Mountain City, for defendant in error.

OLIVER, Judge.

OPINION

Charles Don Hurd, the defendant below, indigent and represented by court-appointed counsel, is in this Court upon his appeal in the nature of a writ of error from the judgment of the Criminal Court of Washington County adjudging him guilty of concealing stolen property valued at less than $100 and sentencing him to imprisonment in the county jail for five months and 29 days.

In an opinion filed September 10, 1970 this Court reversed the judgment of the trial court and remanded this case for a new trial because the Bill of Exceptions was not seasonably filed.. Upon consideration of the State's petition for a writ of certiorari, the Supreme Court concurred in the State's position and ordered the Bill of Exceptions filed under the provisions of Chapter 475 of the Public Acts of 1970 which amended TCA § 27–111, and remanded the case to this Court for consideration upon its merits.

Upon examination of this record, in our opinion the conclusion is inescapable that the verdict of the jury and the judgment of the trial court are wholly void. This results from the fact that the Bill of Exceptions and the trial court's Minutes reflecting the trial show positively that by its verdict returned in open court the jury found the defendant guilty only of "concealing property" of value less than $100. The Bill of Exceptions shows that when

the jury returned that verdict and recommended a sentence of five months and 29 days in the county jail, the court inquired: "All right. Ladies and gentlemen, so say you all," and that all jurors affirmatively indicated that such was their verdict.

Thus, it appears clearly and indisputably that the jury did not find the defendant guilty of any offense, for the simple and obvious reason that under the law "concealing property" is no crime.

Accordingly, we have no alternative but to reverse the judgment of the trial court and remand this case thereto for a new trial. It is so ordered.

WALKER, P. J., and RUSSELL, J., concur.